# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Margaret P. Edmunds, ) | |
| ) | Civil Action No. 4:15-cv-04010-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Margaret P. Edmunds filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C §§ 405(g), 1383(c)(3). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (B)(2)(a) (D.S.C.). (ECF No. 20.) On November 16, 2016, Magistrate Judge Rogers recommended reversing the Commissioner's decision to deny Plaintiff disability insurance benefits ("DIB") "pursuant to sentence four of 42 U.S.C. § 405(g), and that the case be remanded to the Commissioner for further administrative action." (ECF No. 20 at 21.) The Commissioner timely filed Objections to the Report ("Objections") on December 1, 2015. (ECF No. 22.)

For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20), and **REMANDS** the decision of the Commissioner denying Plaintiff's claim for DIB.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural

1

background of this matter. (ECF No. 20 at 1-11.) The court concludes, upon its own careful review of the record, that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own. The court will only reference background pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on January 14, 1955, and is presently 62 years old. (ECF No. 9-7 at 2.) Plaintiff filed an application for DIB on June 21, 2010, alleging disability since June 18, 2006, after reinjuring her wrist following bilateral carpal tunnel surgery, which also bothered her shoulder and caused depression because of the constant pain. (ECF No. 9-3 at 6-16.) Plaintiff's application was initially denied on June 14, 2010 (ECF No. 9-4 at 62-64), and also upon its reconsideration on December 22, 2010 (ECF No. 9-4 at 71-72). As a result, Plaintiff requested an administrative hearing on February 18, 2011. (ECF No. 9-4 at 74-75.) On November 4, 2011, Administrative Law Judge Marcus Christ ("ALJ Christ") found that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because "the claimant was capable of performing past relevant work as a shipping and receiving clerk and a pastry chef [which] did not require the performance of work related activities precluded by the [Plaintiff's] residual functional capacity." (ECF No. 9-2 at 19.) Thereafter, the Appeals Council denied Plaintiff's request for review on February 14, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (ECF 9-2 at 2.)

On April 19, 2013, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. *Edmunds v. Comm'r of Soc. Sec.*, C/A 4:13-cv-01073-JMC, ECF No. 1 (D.S.C. Apr. 19, 2013). On August 15, 2014, the court determined that further administrative action was necessary to determine if

the ALJ's decision was supported by substantial evidence and remanded the matter to the Commissioner. *Edmunds*, C/A 4:13-cv-01073-JMC, ECF No. 29 at 2. After a second hearing before ALJ Christ on May 28, 2015 (ECF No. 9-9 at 20-33), Plaintiff was issued another unfavorable notice of decision on July 20, 2015. (ECF No. 9-9 at 2-15.)

On September 28, 2015, Plaintiff commenced the instant action in this court to obtain judicial review of the Commissioner's final decision that denied Plaintiff's claim for DIB. (ECF No. 1.) On November 16, 2016, Magistrate Judge Rogers recommended reversing the Commissioner's final decision denying Plaintiff's claims for DIB pursuant to sentence four of 42 U.S.C. § 405(g), and remanding this action to the Commissioner for further administrative action. (ECF No. 20.) The Commissioner timely filed Objections to the Magistrate Judge's Report on December 1, 2016. (ECF No 22.) Plaintiff filed a Reply to the Commissioner's Objections to the Magistrate Judge's Report and Recommendation on December 13, 2016. (ECF No. 24.)

## II.     LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976.) The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court

may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision if it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Id.* "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III.     ANALYSIS

*A. The Magistrate Judge's Review*

In the report, the Magistrate Judge addressed the Plaintiff's contentions that (1) the ALJ's analysis was flawed "[because] the ALJ's reasons for rejecting the opinions of treating physician Dr. Edward Nolan are unsound and do not comport with the facts on the record but rely on his assertion that the objective evidence does not support her complaints," and (2) "most of the

4

reasons [the Commissioner] cites to doubt [Plaintiff's] credibility relates to a lack of objective medical evidence, a method of analysis prohibited by the relevant rules, rulings, and cases." (ECF No. 20 at 11-12, 19.)

First, the Magistrate Judge explained that this action should be remanded for evaluation of Dr. Nolan's opinion under the proper standards of 20 C.F.R. § 404.1527(c) ("How we weigh medical opinions"):

> Upon review of the record, the court finds that Dr. Nolan's assessment of Plaintiff's limitations is not clearly inconsistent with other substantial medical evidence. The ALJ listed Plaintiff's severe impairments as "neck and back pain." (Tr. 389.) Dr. Nolan was her treating physician, and she had received treatment at the Trident Pain Center since July 2004. Dr. Nolan noted throughout his treatment of Plaintiff several conditions which could reasonably be expected to cause debilitating pain. Dr. Nolan noted on her visits that she was experiencing pain and completed a Medical Source Statement opining Plaintiff's ability to perform work-related activities on a day-to-day basis citing to objective testing including an MRI as the basis for his opinion. Because Dr. Nolan is a treating physician and also a specialist for Plaintiff's medical issues, the ALJ's explanation for according Dr. Nolan's opinion limited weight is materially lacking. Additionally, Dr. Nolan submitted a letter dated September 14, 2006, in which he states that she has been a patient at Trident Pain Center since July 2004 for treatment for chronic neck pain due to cervical disc displacement and cervical radiculopathy. He went on to state that Plaintiff had undergone cervical epidural steroid injections, cervical facet joint injections, and trigger point injections as needed to manage her pain. Further, she had participated in the cervical strengthening program to include therapeutic exercise, traction, and electrical stimulating [sic]. Dr. Nolan stated that Plaintiff receives long acting narcotic medications to help manage her pain at a tolerable level for which she receives monthly refills.
>
> Dr. Nolan opined: Ms. Edmunds will require ongoing medical treatment for the rest of her life to include periodic steroid injections, medication management, and rehabilitation therapy as needed to manage her pain at a tolerable level. In my professional opinion, Ms. Edmunds' condition is permanent. Due to her chronic pain, Ms. Edmunds will not be able to return to work.

(ECF No. 20 at 17-19.)

Next, the Magistrate Judge addressed the ALJ's assessment of Plaintiff's credibility of Plaintiff:

> In evaluating the pain alleged by a plaintiff, the ALJ should consider whether there is objective evidence of an impairment that could have reasonably caused the pain alleged. 20 C.F.R. § 404.1529(c)(2). The ALJ must also consider other, non-objective, evidence regarding the severity of the pain including the plaintiff's own statements. 20 C.F.R. § 404.1529(c)(3). Plaintiff objects that the ALJ did not properly assess Plaintiff's subjective complaints, in part because the ALJ did not consider that Plaintiff's complaints were supported by the impressions of Dr. Nolan. Given the court's decision to remand this action to the ALJ for further consideration of Dr. Nolan's opinion, the court also instructs the ALJ to reconsider Plaintiff's credibility in light of that determination.

(ECF No. 20 at 20.)

Based on the foregoing considerations, the Magistrate Judge concluded that "it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The [c]ourt cannot, however, properly review the decision on the record presented," and recommended that this court reverse and remand the case to the Commissioner for further review. (ECF No. 20 at 20-21.)

*B. The Commissioner's Objections and the Plaintiff's Response*

The Commissioner argues that "Plaintiff has failed to meet her burden of proving disability . . . [t]o be found disabled, an individual must have a severe impairment that precludes her from performing not only her previous work, but also any other substantial gainful work that exists in the national economy." (ECF No. 22 at 2-3 (citing 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a)).) The Commissioner focuses on the medical findings between the relevant period of January 18, 2006, to December 31, 2007, the date last insured. (ECF No. 22 at 3.)

For a first Objection, the Commissioner argues that, "[b]ecause Dr. Nolan's opinions were neither well-supported by objective medical findings nor consistent with treatment notes, the ALJ appropriately determined that they were entitled to little weight." (ECF No. 22 at 4 (citing 20 C.F.R. § 404.1527(c)(2)).) Accordingly, the Commissioner argues that "substantial

6

weight supports the ALJ's decision to give Dr. Nolan's opinions limited weight." (ECF No. 22 at 2.) Further, "[t]he Commissioner maintains that the ALJ properly considered and evaluated Dr. Nolan's opinion and Plaintiff's credibility as required in accordance with the regulations." (ECF No. 22 at 1.)

The Commissioner asserts that Plaintiff had "positive response to treatment, good upper extremity and arm strength, and an ability to work out at a gym and exceed her target heart rate on a treadmill." (ECF No. 22 at 4.) The Commissioner points out that Plaintiff had good arm strength, her pain decreased with treatment, and her neck range of motion and back pain were "moderate." Further, Plaintiff's complaints of pain improved during her treatment and "[i]n September 2007, Plaintiff completed eight minutes on a treadmill, at which point she stopped because she exceeded her target heart rate without any complaints of pain." (ECF No. 22 at 3.) However, the Commissioner argues that "[d]espite this evidence, Dr. Nolan opined in March 2010, Plaintiff could not perform simple grasping, pushing, overhead reaching, or pulling and that her impairments would cause her to be absent from work four or more times per month." (ECF No. 22 at 4.) The Commissioner asserts that, because Dr. Nolan's opinion in 2010 was based on a 2004 MRI, "[t]he ALJ properly found that this extreme opinion was unsupported and inconsistent with Dr. Nolan's treatment notes and the objective evidence of the record." (ECF No. 22 at 4 (*citing* 20 C.F.R. §§ 404.1527(c)(3) (supportability), (c)(4) (consistency); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (explaining "[t]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence")).)

For a second Objection, the Commissioner claims that "[s]ubstantial evidence supports the ALJ's finding that Plaintiff's alleged symptoms were not as intense, persistent, and limiting as she claimed." (ECF No. 22 at 6.) Specifically, the Commissioner focuses the court's attention

7

on "Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *3, the ALJ considered the objective medical evidence; Plaintiff's activities; the effectiveness of treatment and other factors concerning Plaintiff's functional limitations and restrictions." (ECF No. 22 at 5.) The Commissioner claims that the evidence of Plaintiff's improvement with treatment and medication undermines the credibility of her complaints. (ECF No. 22 at 5.) In support, the Commissioner asserts the ALJ noted that: (1) Plaintiff was never recommended for excessive prescription pain medications, referrals to a specialist, imaging such as x-rays or MRIs, injections, or surgery for her back and neck pain since 2006; (2) Plaintiff's activities of daily living were inconsistent with her subjective complaints;[1] (3) Plaintiff was working out at a gym in 2007; and (4) Plaintiff admitted that she could drive a car. (ECF No. 22 at 5.)

In response, Plaintiff claims that "[t]he ALJ relied upon a few chosen entries in the medical record which reflected the few activities which Ms. Edmunds could still do, and the few days when her condition showed a slight improvement . . . [and rejected] the opinion of the claimant's treating specialist doctor, in favor of the ALJ's own interpretation of the medical evidence. This is not and has never been the law which governs medical opinions." (ECF No. 24 at 1.)

Plaintiff claims that, while an ALJ reviews all evidence, "a general discussion of the claimant's activities and an ALJ's intuition are not sufficient to overcome medical evidence." (ECF No. 24 at 2 (citing *Dozier v. Comm'r of Soc. Sec.*, 736 F. Supp. 2d 1024, 1037 (D.S.C. 2010)).) Plaintiff argues that "[p]laying the role of doctor is exactly what the ALJ has done in

---

[1] *See* 20 C.F.R. § 404.1529(c)(3)(i) (explaining that Plaintiff's activities of daily living are important indicators about the intensity and persistence of their symptoms); *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (explaining that the daily activities of a claimant may support the Commissioner's determination that allegations of pain are exaggerated, "[t]he only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.")

8

Ms. Edmunds' case [and] [t]he ALJ gave the greatest weight to his own interpretation of medical signs, studies and symptoms, in opposition to the conclusion of a trained medical professional." (ECF No. 24 at 2-3 (referring to *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cr. 1999) (explaining "an ALJ cannot play the role of a doctor and interpret medical evidence when he or she is not qualified to do so")).) Plaintiff also argues that "the government's arguments as to credibility again assert the ALJ's medical opinions . . . repeats the ALJ's errors, and does not point to any portion of the decision which properly carries out the appropriate and legal method of considering the credibility of a claimant's complaints and symptoms." (ECF No. 24 at 3.)

*C. The Court's Ruling*

Upon review of the Report, the court finds that the Magistrate Judge performed a thorough analysis of the record. In the Objections, Commissioner argues that the ALJ's decision was proper because Dr. Nolan's use of a 2004 MRI as objective support for his opinion "is at odds with the objective findings that Plaintiff had normal sensation, reflexes, coordination, muscle tone, gait, and upper extremity and arm strength." (ECF No. 22 at 4.) The Commissioner further argues that "[a]n ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies or has failed to give a sufficient reason for the weight afforded to a particular opinion." (ECF No. 22 at 4 (citing 20 C.F.R. § 404.1527(c); *Christian v. Apfel*, 169 F.3d 481 (4th Cir. 1998)).) Finally, the Commissioner requests the court to "affirm because substantial evidence, *i.e.*, more than a mere scintilla, supports the ALJ's decision to accord Dr. Nolan's opinion little weight." (ECF No. 22 at 5-6.)

*1. Whether Substantial Evidence Supports Dr. Nolan's Medical Opinion*

A treating source's opinion is given more weight if "on the issue(s) of the nature and

9

severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2). If a source's opinion is not given more weight, the Commissioner "will always give good reasons in our notice of determination or decision." *Id.*

In his decision, the ALJ stated verbatim:

Specifically, I have considered the September 2006 opinion of Dr. J. Edward Nolan that the claimant has been treated for chronic neck pain with immobility to work since July 2004 and her condition was permanent. I accord this opinion little weight as it is more than 5 years old and it is not supported by his treatment notes of record.

While Dr. Nolan stated that the claimant needs ongoing steroid injections, medication management, and rehabilitation therapy for the rest of her life, since July 2007, the claimant sought and received minimal treatment with only pain medication. Additionally, in March 2007, the claimant exhibited only a moderately limited range of motion in her neck and her muscles and her muscle strength was only decreased to 4/5 in her right upper extremity. By July 2007, she reported using her electrical stimulator on a daily basis with consistent results. Therefore this opinion is not supported by the objective evidence of the record.

Dr. Nolan also completed a functional capacity evaluation in March 2010 and he stated that the claimant was able to sit for 3 hours a day. Dr. Nolan noted that the claimant was able to perform fine manipulation but not simple grasping, pushing, or pulling for prolonged periods. He added that the claimant could never reach overhead but she was able to occasionally bend, squat, crawl, climb, stoop, crouch, and kneel. He stated that she could lift up and carry up to 10 pounds occasionally but she would be absent from work 4 or more times per month due to her impairments. I accord this opinion little weight, as it was based on a June 2004 cervical MRI, which was almost six years before this opinion was rendered. Dr. Nolan's evaluation is not consistent with the objective evidence of record.

Further, Dr. Nolan's evaluation was completed November 2007, almost 2.5 years before he completed the functional capacity evaluation. Even if this functional capacity evaluation related to the period of time prior to the claimant's date last insured, the treatment notes of record from September 2007 showed only mild to moderate limitations in range of motion and strength testing and the claimant reported improvement in her symptoms with treatment in April through July 2007. Moreover, there is no evidence of significant treatment after November 2007. Accordingly, this opinion has been assigned little weight.

10

(ECF No. 20 at 17 (citing Tr. 394-95)).)

In this case, the ALJ's reasons for explaining the weight are not persuasive and are not consistent with the requirements of 20 C.F.R. § 404.1527(c).

As the Magistrate Judge indicated in his Report, "[b]ecause Dr. Nolan is a treating physician and also a specialist for Plaintiff's medical issues, the ALJ's explanation for according Dr. Nolan's opinion limited weight is materially lacking." (ECF No. 20 at 18.) If a source's medical opinion is "well-supported and not inconsistent with the other substantial evidence in the case record, it must be given the controlling weight." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *1 (S.S.A. July 2, 1996). The ALJ relied on the timespan between recorded treatments as his reasoning for finding that Dr. Nolan's medical opinion deserved little weight. (ECF No. 20 at 16-17.) However, the Magistrate Judge observed that the "[t]he ALJ stated that Plaintiff had not sought any treatment since November 2007 without questioning Plaintiff on this issue after her attorney stated that the medical records had not been updated due to the date of last insured." (ECF No. 28 at 18 n.6.) As such, the ALJ cast aside Dr. Nolan's opinion without reviewing the record and applying the factors of 20 C.F.R. § 1527(c) ((1) examining relationship, (2) treatment relationship, including length of treatment relationship, frequency of examination, and the nature and extent of the relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors). Therefore, the ALJ does not provide substantial contrary evidence to support his decision to give Dr. Nolan's medical opinion little weight because it focuses primarily on a lack of documentation. (ECF No. 20 at 19.) Accordingly, the court agrees with the Magistrate Judge that the ALJ must have appropriate evidence on record to support any rejection of Dr. Nolan's medical opinion.

11

*2. Whether Substantial Evidence Supports Plaintiff's Credibility*

When determining credibility, "[f]irst, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig v. Charter*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)). Once that threshold determination has been met, the intensity and persistence of the plaintiff's pain and the extent to which it affects her ability to work are then evaluated. *Id*. at 595. "Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also 'all available evidence,' including the claimant's medical history, medical signs, and laboratory findings . . . any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, *see* 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3)." *Craig*, 76 F.3d at 595. When an ALJ has given specific, legitimate reasons for disbelieving a plaintiff's testimony, the reviewing court should "generally treat credibility determinations made by an ALJ as binding upon review." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988).

The Magistrate Judge determined that "given the court's decision to remand this action to the ALJ for further consideration of Dr. Nolan's opinion, the court also instructs the ALJ to reconsider Plaintiff's credibility in light of that determination." (ECF No. 20 at 20.) When evaluating Plaintiff's symptoms of pain that can limit the capacity to work, the ALJ considers "the medical opinions of your treating source and other medical opinions as explained in § 404 1527." 20 C.F.R. § 404.1529(c)(1). Accordingly, the court agrees with the Magistrate Judge that

12

the ALJ must also assess Plaintiff's credibility pursuant to 20 C.F.R. § 404.1529(c)(3) ("Consideration of other evidence") after review of the objective evidence on the record.

## IV. CONCLUSION

For the reasons above, the court **ADOPTS** the Report (ECF No. 20) and **REMANDS** the decision of the Commissioner denying Plaintiff's claim for DIB.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 17, 2017
Columbia, South Carolina

13